UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

EDWARD LEE BROOKS,
           *Petitioner-Appellant,*

v.                                                    No. 03-6815

RAYMOND SMITH,
           *Respondent-Appellee.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Wallace W. Dixon, Magistrate Judge.
(CA-02-604)

Argued: May 4, 2004

Decided: June 21, 2004

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** James Phillip Griffin, Jr., NORTH CAROLINA PRIS-
ONER LEGAL SERVICES, INC., Raleigh, North Carolina, for
Appellant. Clarence Joe DelForge, III, Assistant Attorney General,
OFFICE OF THE ATTORNEY GENERAL OF NORTH CARO-
LINA, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Roy Coo-
per, Attorney General of North Carolina, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

On September 9, 1997, Edward Lee Brooks shot his way into his estranged wife's apartment, barricaded himself inside, and then engaged in a shoot-out with North Carolina police. In September 1998, Brooks pled no contest in Forsyth County Superior Court to multiple counts of attempted murder, assault with a firearm on a law enforcement officer, assault with a deadly weapon with intent to kill, and second-degree burglary. However, Brooks subsequently discovered that Assistant District Attorney Vincent Rabil had extended a different plea offer in December 1997 to Brooks' attorney, Roy Hall. Brooks contends that Hall provided ineffective assistance by not communicating the original plea offer to him.

Brooks presented his claim to the Forsyth County Superior Court, which directed the State of North Carolina to respond in writing to Brooks' allegations. After reviewing the State's submissions and the entire state court record, the Superior Court made several factual findings. First, it found that Rabil had formally withdrawn his December 1997 offer shortly after making it, because he had learned of additional charges against Brooks. Rabil's withdrawal of the offer was the reason that Hall had never communicated the offer to Brooks. The court further found that, even had Brooks attempted to accept the offer, Rabil would not have consented to entry of the plea. Finally, according to the court, Brooks actually benefitted from having all of the charges against him heard at once, rather than in two sessions. For all of these reasons, the court concluded that Brooks had not shown any prejudice as a result of Hall's failure to communicate the December 1997 plea offer. The Superior Court therefore denied Brooks' motion for appropriate relief, and on appeal the North Carolina Court of Appeals denied Brooks' petition. Brooks then filed a federal habeas petition, and the parties consented to trial before a magistrate judge. *See* 28 U.S.C. § 636(c) (2000). The magistrate judge dismissed

Brooks' petition, and we then granted a certificate of appealability to consider whether Hall's conduct constituted ineffective assistance of counsel.

As the magistrate judge explained, we may not gainsay the state court's factual determinations in the absence of "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1). Having reviewed the record and the parties' briefs, and having had the benefit of oral argument, we cannot say that Brooks has overcome his substantial burden in proving prejudice. The state court had before it ample evidence that the State had withdrawn the plea offer; that the State would not have agreed to the plea even if Brooks had attempted to accept the revoked offer; and that Brooks likely received a lighter sentence under the September 1998 plea agreement than he would have received under the December 1997 plea offer. In light of this evidence, it was not "objectively unreasonable" for the state court to conclude that, even if Hall erred in not communicating to Brooks the December 1997 offer, Brooks was not prejudiced by Hall's inaction. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

The decision of the magistrate judge to dismiss Brooks' habeas petition is therefore

*AFFIRMED*.